

FILED
FEB - 3 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALLEN C. SHILLINGSTAD, | CIV 11-1035 |
| Petitioner, | |
| -vs- | OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of assault with a dangerous weapon and assault resulting in serious bodily injury. He was sentenced on February 1, 2010, to 80 months custody on each count, to be served concurrently. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his convictions and sentences on February 22, 2011. United States v. Shillingstad, 632 F.3d 1031 (8th Cir. 2011).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He alleges ineffective assistance of counsel and prosecutorial misconduct. I have conducted an initial review of the motion to vacate pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

### BACKGROUND

The evidence received at trial showed that Shillingstad and his girlfriend, Theresa White Bull, lived together in the basement of Shillingstad's mother's home. On December 14, 2008, Shillingstad and White Bull were drinking and arguing. His mother called 911 to report a disturbance and two National Park Service Rangers responded to the call. They discovered the two in the basement. White Bull was injured. The victim told the Rangers that she had received her injuries by falling down the stairs, twisting her knee, and hitting her head. When Shillingstad was removed from the room, the victim recanted her earlier statement and stated that Shillingstad hit her on the head with a thrown plate, hit her on the forearm with a two-by-four board as she raised her arm in defense, hit her in the leg with the board and, when she attempted to go

upstairs, he pushed her from behind, causing her to slide down the stairs. The assaults resulted in injuries to White Bull's head requiring stitches and injuries requiring knee surgery.

At trial, in addition to White Bull's testimony about the assault, the government presented the evidence of the Ranger who discovered a shattered plate, a two-by-four board, and wet blood in various locations in the basement. White Bull's treating physician testified that the injury to White Bull's leg was caused by the application of direct force to the bone rather than a fall. Shillingstad testified that the victim sustained her injuries when she accidentally hit her head on a plate he was using to serve her, causing her to lose her balance and fall to the concrete floor.

## DECISION

### I. Ineffective Assistance of Counsel.

Petitioner alleges ineffective assistance of counsel in (1) calling petitioner's mother as a witness knowing it would open the door to the admission of prejudicial testimony, (2) inadequate cross-examination of the victim to establish her (a) inconsistent and perjured testimony and (b) the fact that one of the alleged weapons was tampered with by investigators and moved prior to the taking of pictures of the crime scene, (3) failing to conduct an independent investigation of the crime scene and charges, (4) failure to challenge the testimony of the investigative agent, (5) failure to impeach the complaining witness and the investigative agent, and (6) failing to preserve his Fifth Amendment rights by failing to advise him not to make incriminating statements at trial and failing to move to strike his incriminating statements.

The standards for evaluating ineffective assistance of counsel claims are well settled.

> We evaluate claims of ineffective assistance of counsel under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a § 2255 movant must establish (1) that counsel's representation was deficient and (2) that he suffered prejudice as a result. *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Id.* (quotation omitted). Prejudice requires the movant to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011).

2

**Calling Petitioner's Mother as Witness.** Counsel called petitioner's mother as a witness to testify that, when she saw the victim at the bottom of the stairs, she assumed the victim had fallen down the stairs. This testimony corroborated the petitioner's version of the cause of the victim's injuries. That is also consistent with what the investigator testified that petitioner initially told him as to what happened to her.

The testimony was necessary to impeach the investigator's testimony that the petitioner's mother called 911 to report disorderly conduct or a fight in her basement. Petitioner's defense was that there was no fight that night. Instead, he says White Bull was injured in an innocent fashion. The fact that petitioner's mother, like petitioner, attempted to deny on cross examination petitioner's previous acts of violence was not something defense counsel could have controlled. Petitioner has not shown that counsel was ineffective in calling his mother as a defense witness or that the outcome of his trial would have been different if his mother were not called as a witness.

**Inadequate Cross-Examination of Victim.** Petitioner contends that counsel was ineffective in failing to adequately cross-examine the victim as to her inconsistent testimony. Counsel elicited testimony upon cross-examination that, on the night of the assault, the victim was angry with the defendant because he had been with another woman. Counsel established that the victim was under the influence of alcohol on the night in question, that she did not, at the time of trial, remember her initial statements to law enforcement, that she did not remember telling ambulance personnel that she was injured when she fell down the stairs, twisting her knee and hitting her head, and that she was under the influence of pain medication when she talked to a law enforcement agent at the hospital. Counsel elicited testimony that she later wrote a letter stating she had been intoxicated and upset at the petitioner when she made statements to law enforcement. During cross-examination she stated that petitioner had no reason to hit her with a plate or a two-by-four but did so "out of the clear blue sky," that the plate she claimed he hit her with was found across the room from the bed under a chair, that after she was hit with the plate he helped her try to get the wound on her head to stop bleeding and, while he was doing so, grabbed the board and tried to hit her for no apparent reason. The cross-examination was used to attempt to discredit the victim's testimony. As an experienced former trial attorney and Judge, I

3

cannot imagine what other admissible evidence trial counsel could have elicited with more vigorous cross-examination.

Petitioner also contends counsel was inadequate in failing to cross-examine the victim as to the two-by-four board used during the assault. The investigator testified that he seized a two-by-four board that was leaning against the bedroom wall. He stated that the board he seized was the only two-by four board in the room. He also testified that the victim indicated to him that night that the board in question was the board used to assault her. That board was admitted into evidence during the investigator's testimony and identified as a board taken from the residence. The victim testified that the board admitted into evidence was the board used by the petitioner to strike her. Petitioner contends counsel should have cross-examined the victim to establish that she could not identify that particular board as the board used to assault her.

Counsel cannot be found to be deficient in failing to argue with the victim during cross-examination that she could not have identified on the night in question the board she claims was used to hit her. The board she pointed out to investigators the evening of the assault was earlier established as the board which was admitted into evidence. Even if the victim were not able to identify the particular board used to assault her, there is no reasonable probability that the outcome of the trial would have been different. There is no requirement that the victim be able to identify at trial the weapon used to assault her or that any such weapon be admitted into evidence. There was no evidence of any other board being present in the bedroom.

**Inadequate Cross-Examination of Investigating Witness.** Defendant contends that counsel was ineffective in inadequately cross-examining the investigator to show that he tampered with the evidence by moving the alleged weapons prior to taking pictures. The park ranger who responded to the call for help testified that he took pictures in the basement where the assault occurred. He testified that none of the items in the room were moved prior to taking the pictures. Counsel pointed out on cross-examination that the two-by-four appeared in two different places in two separate pictures, thus impeaching the previous testimony that nothing was moved.

Concerning the plate, counsel reinforced on cross-examination of the investigator that the plate was, as depicted in a picture, across the room from the bed, under a chair. He used this

4

information on cross-examination of the victim, pointing out that the position of the plate was inconsistent with her testimony as to the plate being thrown at her while she was on the bed, and falling to the floor near her head. That inconsistency was competently argued by counsel in closing argument.

There is a strong presumption that counsel's performance during cross-examination fell within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2s 674 (1984). Petitioner has not overcome that presumption.

**Failure to Conduct an Adequate Investigation**. Petitioner contends that counsel was ineffective in failing to conduct an independent investigation of the crime scene and the charges. The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir.1994). However, petitioner must identify what evidence should or could have been discovered. He has not done so.

Petitioner contends that counsel should have discovered the discrepancies in the finding of the board and plate and filed a motion to suppress based upon that finding. Petitioner also contends that a more thorough investigation would have revealed that the investigator did not discover wet blood in the basement and that any claimed testimony that wet blood was present was suspect in that any blood would have dried prior to the investigation. Further, petitioner contends that counsel should have moved to suppress the evidence of wet blood because the government failed to test the blood to determine whether it came from the victim or was instead leakage from a package of fresh meat.

The offense occurred on December 14, 2008. Petitioner was indicted on May 12, 2009, and counsel was appointed shortly thereafter. The crime scene as it appeared on the night of the offense is only important as to the location of the two-by-four and plate that were alleged to have been used to assault the victim, the location of the victim's blood at the scene, and the location of the victim at the time of the offense. The alleged location of the weapons and blood was documented in pictures and the weapons were then removed from the premises. No further investigation could have been conducted by defense counsel as to their location on the night of

5

the offense. No testing of the blood could have been conducted at the insistence of counsel because no blood samples were taken. The victim and the petitioner's trial testimony was consistent with the photographs as to the location of the furniture in the room, the location of the victim in the room on the bed at the time of her injury to the head, and the location of the room in relation to the stairs where the victim initially claimed some of her knee injuries occurred. The victim and the petitioner's trial testimony was further consistent as to the amount of bleeding that occurred as a result of the victim's injury to her head. No further investigation as to these matters would have been necessary or even helpful.

Petitioner's concern about the board, plate, and blood is misplaced. There would have been no basis to suppress the admission of the photos of the plate, board, or blood or the items themselves even if counsel could show the investigator tampered with evidence. In short, it is irrelevant whether the plate and the board were moved prior to taking pictures. The victim testified that her injuries were caused by the petitioner throwing a plate at her head and hitting her with a two-by-four. Where those items were found when the investigator arrived has no relevance or significance. Further, the victim testified that she was bleeding profusely from her head and she and petitioner had difficulty getting the bleeding to stop. Petitioner did not refute that testimony at trial. It is irrelevant whether the blood found was fresh or whether it was the victim's blood. Counsel did inquire as to these matters on cross-examination and argued that these matters should be considered in judging the credibility of the government's witnesses.

Petitioner has not shown that counsel was deficient as to the investigation in this matter or that the outcome of his trial would have been different if counsel had conducted any further investigation or moved to suppress evidence.

**Failure to Preserve Petitioner's Fifth Amendment Rights.** Petitioner contends that counsel was ineffective in failing to advise him to refrain from making self-incriminating statements while testifying. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." "A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence

6

adduced against him." Harrison v. United States, 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968). A criminal defendant has the "ultimate authority to make certain fundamental decisions regarding the case, as to whether to . . . testify in his or her own behalf." Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983).

Prior to petitioner's trial testimony, he and counsel made a private record with the assistance of the court's reporter. Petitioner has waived his attorney-client privilege with respect to the competency of the advice given as to whether or not to testify. Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). I have reviewed the transcript of the colloquy between petitioner and counsel and it is clear that trial counsel advised petitioner not to testify. Nonetheless, petitioner felt the need to defend himself despite counsel's advice that petitioner had no obligation to do so. That was his right. Trial counsel could not permissibly override the ultimate decision of the defendant to testify. *See* United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002). Trial counsel cannot be held ineffective for allowing the petitioner to exercise his right to testify at trial.

Counsel very carefully limited his questioning of petitioner to establishing an alternative explanation for the victim's injuries and an explanation as to why she claimed to investigators and at trial that he assaulted her. Counsel had no control over petitioner's response to those questions. Once petitioner elected to testify against the advice of counsel, petitioner became subject to cross-examination.

On cross-examination, the government questioned the petitioner regarding an incident of domestic abuse in 2005. Petitioner testified that he did not remember earlier throwing dishes at the victim or pleading guilty to domestic abuse in tribal court. He continued to deny any memory of his prior conviction even when the government tried to refresh his recollection with the tribal court judgment and a picture of the victim taken following that previous assault. What should have been a few questions on cross-examination for impeachment purposes turned into several pages of testimony concerning the prior offense, all due to the defendant's attempt to deny any memory of that offense. Any prejudice resulting was due to the defendant's attempt to deny that prior offense, as to which he had earlier plead guilty. In any event, the victim testified on direct examination as to that prior offense of domestic violence against her by the petitioner. Just as

7

she contended in the present case, she was hit by a plate thrown at her by petitioner. Therefore, any reference to that prior offense in the examination of the petitioner was cumulative.

## II. Prosecutorial Misconduct.

Ground two of the motion to vacate alleges prosecutorial misconduct in withholding information from the jury concerning the victim's drug and alcohol abuse and her "propensity for prevarication." The prosecutor does not control the admissibility of the evidence. The trial judge decides what evidence is admissible, consistent with the Federal Rules of Evidence. The victim's drug or alcohol abuse on an occasion other than the night of the offense would have been inadmissible under Rule 403 and was also not relevant. The victim's alcohol use on the night in question was admitted into evidence and was argued as a basis for judging the credibility of her statements to the investigator on the night of the offense and of her testimony at trial.

## III. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Request to Appoint Counsel.

Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). I have reviewed the record and can discern no

arguably meritorious issues. The appointment of counsel is not required in this case and would make no sense.

## V. Conclusion.

This case, from the outset, was a case of mission impossible for petitioner's attorney. The testimony and the claims of petitioner that the victim's head injuries (with tremendous loss of blood) were caused by the victim bumping into the plate being extended to her by the petitioner could have made no sense to the jury. They were patently false as was obvious to anyone hearing the testimony. In all my experiences since taking office in 1995, I have not heard a less plausible claim of defense.

### ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED:**

1. Petitioner's motion, Doc. 1, to vacate, set aside, or correct his convictions and sentences pursuant to 28 U.S.C. § 2255 are denied.

2. Petitioner's motion for appointment of counsel is denied.

**TO THE EIGHTH CIRCUIT COURT OF APPEALS:**

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 3rd day of February, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____ DEPUTY
(SEAL)

9